[Cite as *State v. Jones*, 2011-Ohio-1918.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 94607

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

### vs.

## ANGEL JONES

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-525895 and CR-524898

**BEFORE:**     Cooney, J., Kilbane, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   April 21, 2011

**ATTORNEY FOR APPELLANT**

Christopher R. Lenahan
2035 Crocker Road
Westlake, Ohio 44145

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Brian D. Kraft
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

**{¶ 1}**  Defendant-appellant, Angel Jones ("Jones"), appeals her drug possession and theft convictions.   Finding no merit to the appeal, we affirm.

**{¶ 2}**  In June 2009, Jones was indicted on two counts of drug possession (Case No. CR-524898).   In July 2009, she was indicted on three counts of theft (Case No. CR-525895).   That same month, she was referred for a psychological examination.   Despite finding that Jones suffered from depression, psychosis, and the use of Phencyclidine, the court psychiatric

clinic report concluded that she was competent to stand trial and had been sane at the time of the alleged acts.

{¶ 3} In September 2009, Jones pled guilty to one count of drug possession and one count of theft. The remaining counts were nolled. She was sentenced to one year in prison on each count, to run consecutively, for a total of two years in prison.

{¶ 4} Jones has filed a delayed appeal, raising two assignments of error.

Plea

{¶ 5} In her first assignment of error, Jones argues that her guilty plea violates the mandates of Crim.R. 11. She contends that her plea should be vacated because the trial court misled her during the plea hearing regarding postrelease control and by saying "there is hardly any good time credit," regarding the length of her prison term.

{¶ 6} Before accepting a guilty plea, a trial court must strictly comply with Crim.R. 11 as it pertains to the waiver of federal constitutional rights. However, substantial compliance with Crim.R. 11(C) is sufficient when waiving nonconstitutional rights. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. The right to be informed at the plea hearing of the maximum possible penalty that could be imposed upon conviction is a nonconstitutional right. *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 364 N.E.2d 1163. Likewise, the statutory right to receive the plea notification of postrelease control under R.C. 2943.032 is similar to the nonconstitutional notifications of Crim.R. 11(C)(2) and therefore

subject to the substantial-compliance standard. *State v. Evans*, Cuyahoga App. Nos. 84966 and 86219, 2005-Ohio-5971, ¶11, citing *State v. Brown*, Hamilton App. Nos. C-020162 and C-020164, 2002-Ohio-5983, ¶30, and *State v. Gulley*, Hamilton App. No. C-040675, 2005-Ohio-4592, ¶18.

{¶ 7} However, "some compliance" with the rule with respect to postrelease control "prompts a substantial-compliance analysis and the corresponding 'prejudice' analysis." Id. at ¶23; see, also, *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶32 ("If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect.").

{¶ 8} In order to substantially comply with Crim.R. 11(C)(2), this court has found that the trial court must advise a defendant of any postrelease control period at the time of the defendant's plea. *State v. Conrad*, Cuyahoga App. No. 88934, 2007-Ohio-5717. "Postrelease control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation by the trial court of postrelease control, a defendant cannot fully understand the consequences of his plea as required by Criminal Rule 11(C)." *State v. Griffin*, Cuyahoga App. No. 83724, 2004-Ohio-4344, citing *State v. Jones* (May 24, 2001), Cuyahoga App. No. 77657, discretionary appeal not allowed, 93 Ohio St.3d 1434, 755 N.E.2d 356, No. 01-1295.

**{¶ 9}** At the plea hearing in this case, the court explained:

"THE COURT: If it's a prison sentence then it's six months, seven months, eight months, nine months, to a maximum of twelve months in the reformatory the Court can sentence you to. You have to serve virtually every day of the number of months the Court chooses for you. There's hardly any good time credit.

"When you get out of prison, you're not done yet because you are subject to supervision by the Parole Board, up to three years. That's called post-release control. *If they choose to supervise you* coming out of prison then you have to do what they say. If you don't, they can extend the period of time they supervise you, change the terms and conditions of your supervision, or they could return you to prison." (Emphasis added.)

**{¶ 10}** The record shows that trial court properly advised Jones of the maximum penalty allowed. The trial court's comment regarding "good time credit" does not constitute a violation of Crim.R. 11, nor has Jones proven that the comment prejudiced her in any way.

**{¶ 11}** The transcript also illustrates that the court informed Jones that she was subject to three years of postrelease control after serving her prison sentence. Although the court did not expressly state that the three-year term of postrelease control was "discretionary," the court stated that she would be subject to postrelease control "if they choose to supervise you." This statement properly indicates that postrelease control supervision is within the sound discretion of the parole board.

**{¶ 12}** It is clear that the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a) and R.C. 2943.032 in advising Jones about her prison term and postrelease control. Accordingly, the first assignment of error is overruled.

### Ineffective Assistance of Counsel

{¶ 13} In her second assignment of error, Jones contends that her counsel was ineffective in failing to file a motion to transfer her case to the mental health docket at the outset of the case.

{¶ 14} To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 15} As to the second element of the test, the defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus; *Strickland* at 686. In evaluating whether a petitioner has been denied effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 341 N.E.2d 304, paragraph four of the syllabus.

{¶ 16} This court must presume that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance. *Strickland* at 689. Courts must generally refrain from second-guessing trial counsel's strategy, even where that strategy is questionable, and appellate counsel claims that a different strategy would have been more effective. *State v. Jalowiec*, 91 Ohio St.3d 220, 237, 2001-Ohio-26, 744 N.E.2d 163.

{¶ 17} We note that a defendant who pleads guilty is generally limited on appeal; the defendant may only attack the voluntary, knowing, and intelligent nature of the plea, and may not raise independent claims relating to the deprivation of constitutional rights that occurred prior to pleading guilty. See *State v. Clay*, Cuyahoga App. Nos. 89339-89341, 2008-Ohio-314; *State v. Sadowsky*, Cuyahoga App. Nos. 90696 and 91796, 2009-Ohio-341. "'[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson* (1970), 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763].'" *State v.*

*Spates* (1992), 64 Ohio St.3d 269, 272, 595 N.E.2d 351, quoting *Brady v. United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.

{¶ 18} Loc.R. 30.1 of the Court of Common Pleas of Cuyahoga County, General Division, controls the assignment of criminal cases to the mental health docket and provides that "mental health dockets shall include cases where the defendant is deemed to have a confirmed serious mental illness if within the previous six months prior to arraignment, there is a clinical diagnosis of a severe mental illness with a psychotic feature."

{¶ 19} Jones was referred to the court psychiatric clinic for an evaluation after arraignment. The report found that Jones suffered from depression, psychosis, and the use of Phencyclidine. However, the report concluded that she was competent to stand trial and was sane at the time of the alleged acts. The report did not diagnose her with a "severe mental illness with a psychotic feature." Therefore, it is not clear that she was eligible for assignment to the mental health docket. Therefore, counsel's failure to file a motion to transfer the case to the mental health docket does not fall below an objective standard of reasonable representation.

{¶ 20} Accordingly, the second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR