[Cite as *State v. Bell*, 2011-Ohio-5667.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96446**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEONTA BELL

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-542463

**BEFORE:**  Kilbane, A.J., Boyle, J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**  November 3, 2011

**ATTORNEY FOR APPELLANT**

Edward M. Graham
13363 Madison Avenue
Lakewood, Ohio 44107

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Alison Foy
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, Deonta Bell (Bell), appeals from his guilty plea, challenging the knowing, intelligent, and voluntary nature of his plea. Finding no merit to the appeal, we affirm.

{¶ 2} In September 2010, Bell was charged with a ten-count indictment in Case No. CR-542463. Counts 1-4 charged him with burglary, with each of the counts carrying a notice of prior conviction and repeat violent offender specification. Count 5 and Counts 7-9 charged him with theft. Count 6 charged him with aggravated theft, and Count 10 charged him with criminal damaging.

**{¶ 3}** In January 2011, Bell entered into a plea agreement that allowed him to plead guilty in two cases — Case Nos. CR-542463 and CR-539985. Case No. CR-539985 charged him with felonious assault, a second degree felony. Pursuant to the plea agreement in Case No. CR-542463, Bell pled guilty to two amended counts of burglary (Counts 1 and 3). Both counts were amended by the deletion of the notice of prior conviction and repeat violent offender specifications and the addition of the victim's name. The remaining charges were nolled. In Case No. CR-539985, Bell pled guilty to aggravated assault, a fourth degree felony.

**{¶ 4}** At the plea hearing, the trial court advised Bell that Counts 1 and 3 are third degree felonies, punishable by between one and five years in prison and a fine of up to $10,000. The court advised that these counts are not allied offenses and that it could impose a consecutive sentence. The court also advised that it could order Bell to pay court costs and restitution. Bell indicated to the trial court that he understood the trial court's statements. The trial court then explained:

> **"COURT: I'm going to talk to you now about [postrelease control]. In this case, we're looking at a felony of the third degree * * *, there's no cause or threaten to cause harm contained in the felony of the third degree. * * * [T]he felony of the third degree * * * [is] going to be three-year discretionary [postrelease control,] which means the Ohio Adult Parole Authority, upon your release from incarceration may, at their discretion, * * * choose to put you on [postrelease control] for three years. Do you understand that?**
>
> **BELL: Yes.**
>
> **COURT: Okay. If you are placed on [postrelease control], the Adult Parole Authority could return you to prison for up to nine months if you violate their conditions, up to a maximum of fifty percent of your**

**stated prison sentence. If you are convicted of a new felony while on [postrelease control], then in addition to being punished for the new offense, the judge in that matter could add an additional consecutive prison term of one year or what time remains on your [postrelease control] term, whichever is greater as a maximum. And it's my understanding right now, you are not on [postrelease control] in any other cases, are you?**

**BELL: That's correct.**

**COURT: You are not on [postrelease] control. You're not on probation or parole to any other judge?**

**BELL: No.**

**COURT: Finally, as to the [postrelease control], I must notify you if you fail to report to your officer, you could be charged with another crime called escape. That's also a felony. Do you understand that, sir?**

**BELL: Yes."**

{¶ 5}   In January 2011, the trial court sentenced Bell to four years on each count, for an aggregate of eight years in prison. The trial court ordered that Bell's sentence be served concurrent to his one-year sentence in Case No. CR-539985. The trial court further ordered Bell to pay restitution in the amount of $147.83 to the victim in Count 1. The trial court also advised Bell that he would be subject to postrelease control.

{¶ 6}   Bell now appeals, raising the following two assignments of error for review.

ASSIGNMENT OF ERROR ONE

**"[Bell's] plea was not knowingly, intelligently and voluntarily made depriving [Bell] of his constitutional right to a trial."**

ASSIGNMENT OF ERROR TWO

**"Provisions of [postrelease] control constitute cruel and unusual**

**punishment in violation of the United States Constitution."**

<u>Postrelease Control and Guilty Plea</u>

{¶ 7} In the first assignment of error, Bell argues that his guilty plea was not knowingly, intelligently, and voluntarily made because he was not fully advised of the maximum penalty involved as required by Crim.R. 11.

{¶ 8} As it relates to this appeal, the trial court was required under Crim.R. 11(C)(2)(a) to personally address Bell and determine that he is making the plea voluntarily, with an understanding of the maximum penalty involved. Ohio courts have determined that, although literal compliance with Crim.R. 11(C)(2)(a) is preferred, substantial compliance is sufficient in regard to nonconstitutional rights, such as the right to receive the plea notification of postrelease control. *State v. Clark*, 119 Ohio St.3d 239, 2009-Ohio-3748, 839 N.E.2d 462, ¶31; *State v. White*, Cuyahoga App. No. 95098, 2011-Ohio-1562, fn. 4. "Likewise, the statutory right to receive the plea notification of postrelease control under R.C. 2943.032 is similar to the nonconstitutional notifications of Crim.R. 11(C)(2) and therefore subject to the substantial-compliance standard." (Citations omitted.) *State v. Jones*, Cuyahoga App. No. 94607, 2011-Ohio-1918, ¶6.

{¶ 9} "Under this standard, a slight deviation from the text of the rule is permissible, so long as the totality of the circumstances indicates that "'the defendant subjectively understands the implications of his plea and the rights he is waiving," the plea may be upheld.'" *Clark* at ¶31, quoting *State v. Nero* (1990), 56 Ohio St.3d 106,

108, 564 N.E.2d 474. "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger* (1995), 105 Ohio App.3d 567, 572, 664 N.E.2d 959, citing *Nero*. "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." *Nero* at 108, citing [*State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 959]; Crim.R. 52(A). The test is whether the plea would have otherwise been made." *Nero* at 108.

{¶ 10} To substantially comply with Crim.R. 11(C)(2)(a), this court has found that the trial court must advise a defendant of any mandatory postrelease control period at the time of the defendant's plea. *State v. Conrad*, Cuyahoga App. No. 88934, 2007-Ohio-5717. "Postrelease control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation by the trial court of postrelease control, a defendant cannot fully understand the consequences of his plea as required by Criminal Rule 11(C)." *State v. Griffin*, Cuyahoga App. No. 83724, 2004-Ohio-4344, citing *State v. Jones* (May 24, 2001), Cuyahoga App. No. 77657, discretionary appeal not allowed, 93 Ohio St.3d 1434, 755 N.E.2d 356.

{¶ 11} Bell argues that the court failed to advise him of the maximum penalty by not advising him of (1) every possible penalty for various felony levels of escape, (2) that his duration of postrelease control could be extended to eight years, and (3) that he was

not permitted to leave the state without permission while on postrelease control. However, this court has stated that "the General Assembly apparently decided it would be cumbersome to require the courts to advise an offender of every possible option that might occur in the event of a violation of postrelease control." *State v. Zganjer*, Cuyahoga App. No. 94724, 2011-Ohio-606, ¶3. "Instead of forcing the sentencing court to delve into the myriad of possibilities that could arise in the event of a future violation of postrelease control, the statute only requires the court to advise an offender of the maximum sanction that can be imposed in the event of a violation of postrelease control." Id.

{¶ 12} Here, the record demonstrates that the trial court properly advised Bell of the maximum penalty allowed. The trial court advised that Bell is subject to a maximum of five years in prison for each count, which could be served consecutively, and a fine of up to $10,000. The trial court also advised that he could be ordered to pay court costs and restitution. With respect to postrelease control, the trial court advised that Bell could be subject to three years discretionary postrelease control and that he could be subject to an additional prison sentence if he violates the conditions of the Adult Parole Authority. The court also advised that if he committed a felony while on postrelease control, he could be subject to punishment for the new offense. Thus, it is clear that the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a) and R.C. 2943.032 in advising Bell about his prison term and postrelease control.

{¶ 13} Accordingly, the first assignment of error is overruled.

Postrelease Control and Cruel and Unusual Punishment

{¶ 14} In the second assignment of error, Bell argues that the provisions of R.C. 2967.28(F)(3) can result in cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.[1] He claims that the potential of being sentenced to four and a half years in prison "[i]f on the first day of release [Bell] gets charged with and convicted of possession of a crack pipe[,] which was in a car in which he was picked up from prison" would be four and half times greater that the one-year sentence that would ordinarily apply. Thus, he contends that this punishment would be cruel and unusual.

{¶ 15} However, in *State v. Mitchell* (Nov. 30, 2000), Cuyahoga App. Nos. 77679 and 77928, this court has previously addressed this argument and declined to find that postrelease control violates the prohibition against unusual punishment. In reaching our decision, we relied on *Woods v. Telb*, 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103, where the Ohio Supreme Court "held that the [postrelease] control statute does not violate the constitutional separation of powers and does not abridge the due process guarantees." *Mitchell*, citing *Woods*. The *Woods* court further stated that "[t]he

---

[1]"R.C. 2967.28(F)(3) lists several options in the event a person violates the terms of postrelease control, among them the following: the court or Adult Parole Authority may impose a more restrictive sanction; increase the duration of the postrelease control; impose a prison term for a single violation that may not exceed nine months; or impose a cumulative prison term for multiple violations of up to one-half of the stated prison term originally imposed upon the offender. The nine-month option applies to single violations of postrelease control; if the offender commits more than one violation (multiple offenses), the court may order a cumulative sentence that does not exceed one-half of the originally imposed prison

post-release control sanctions are sanctions aimed at behavior modification in the attempt to reintegrate the offender safely into the community, not mere punishment for an additional crime, as in bad time." Id. at 512.

{¶ 16} Thus, based on our reasoning in *Mitchell*, we find Bell's argument to be unpersuasive.

{¶ 17} Accordingly, the second assignment of error is overruled.

{¶ 18} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
JAMES J. SWEENEY, J., CONCUR

---

term." *Zganjer* at ¶2.