[Cite as *State v. McDuffie*, 2011-Ohio-6436.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96721**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT McDUFFIE, II

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-525001

**BEFORE:**   Celebrezze, P.J., Jones, J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   December 15, 2011

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio   44113-2098


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Margaret A. Troia
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1}   Appellant, Robert L. McDuffie II, appeals the judgment of the trial court, arguing that he was denied due process of law when the trial court denied his motion to dismiss, failed to inform him of his postrelease control obligations, imposed restitution without a meaningful hearing, and failed to assess court costs in open court.   After careful review of the record and relevant case law, we affirm in part and reverse and remand in part.

{¶ 2}   On June 3, 2009, appellant was indicted for aggravated robbery, in violation of R.C. 2911.11(A)(1), a felony of the first degree.   He entered a plea of not guilty at his

arraignment. On December 21, 2009, appellant filed a motion to dismiss, contending that he was denied the right to a speedy trial pursuant to R.C. 2941.401.

{¶ 3} On April 1, 2010, the trial court held a hearing on appellant's motion. Appellant elected to testify at the hearing and stated that he was arrested in August 2008 by the Cleveland Police Department for burglary and was released the following day. On September 18, 2008, appellant was sentenced on drug charges in an unrelated case. While incarcerated, appellant learned that there was an outstanding warrant for his arrest in connection with the burglary charge. As a result, he prepared a notice of availability and sent a copy to the Cleveland Municipal Court. The form was filed with the Cleveland Municipal Clerk of Courts on November 21, 2008. When asked if he filed a copy of the notice of availability with the Cuyahoga County Prosecutor's Office, appellant stated, "I want to say yeah." However, appellant was unable to confirm with certainty that the form was filed with the prosecutor's office.

{¶ 4} On October 1, 2010, the trial court denied appellant's motion to dismiss. On March 1, 2011, appellant pled guilty to an amended charge of burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree. At the sentencing hearing, the trial court sentenced appellant to a two-year term of imprisonment. On April 5, 2011, appellant filed a motion to reconsider his December 21, 2009 motion to dismiss, and the trial court denied the motion.

{¶ 5} Appellant appeals the judgment of the trial court, raising four assignments of error.

## Law and Analysis

## I

{¶ 6} In his first assignment of error, appellant argues that he was denied due process of law when the trial court overruled his motion to dismiss by reason of a lack of speedy trial.

{¶ 7} A criminal defendant is guaranteed the right to a speedy trial by the Sixth Amendment to the United States Constitution, which was made applicable to the states as a fundamental right by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Kloper v. N. Carolina* (1967), 386 U.S. 213, 222-223, 87 S.Ct. 988, 18 L.Ed.2d 1. The right is also guaranteed by Section 10, Article I of the Ohio Constitution. Furthermore, state legislatures are authorized by *Barker v. Wingo* (1972), 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101, to enact procedural rules or laws consistent with the constitutional guarantee. Id. Courts strictly enforce statutory speedy trial rights because the speedy trial statutes protect the constitutional guarantee of a public speedy trial. *State v. Pachay* (1980), 64 Ohio St.2d 218, 416 N.E.2d 589, syllabus.

{¶ 8} In Ohio, R.C. 2945.71 sets forth the time period in which a defendant must be brought to trial. Generally, if a defendant is incarcerated on an unrelated matter, the speedy trial provisions in R.C. 2945.71 are tolled pursuant to R.C. 2945.72(A). However, if a defendant is incarcerated in a state correctional institution, he may assert his right to be brought to trial within 180 days by complying with the requirements of R.C. 2941.401.

{¶ 9} R.C. 2941.401 provides: "When a person has entered upon a term of imprisonment in a correctional institution of this state, and * * * there is pending in this state any untried indictment * * * against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court * * * written notice of the place of his imprisonment and a request for a final disposition to be made of the matter * * *. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

{¶ 10} "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

{¶ 11} "* * *

{¶ 12} "If the action is not brought to trial within the time provided * * * no court any longer has jurisdiction thereof, the indictment * * * is void, and the court shall enter an order dismissing the action with prejudice."

{¶ 13} The Ohio Supreme Court has held that, pursuant to R.C. 2941.401, the initial duty is placed on the defendant to notify the prosecutor and the court of his place of

incarceration and to request final disposition of outstanding charges. *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471. "In its plainest language, R.C. 2941.401 grants an incarcerated defendant a chance to have all pending charges resolved in a timely manner, thereby preventing the state from delaying prosecution until after the defendant has been released from his prison term." Id. at 311.

{¶ 14} A defendant is required only to substantially comply with the requirements set forth in R.C. 2941.401. See *State v. Gill*, Cuyahoga App. No. 82742, 2004-Ohio-1245 (holding that substantial compliance is the appropriate standard under R.C. 2941.401 "in those instances where documents actually reach a location, regardless if mailed by the inmate or institution * * *"). See, also, *State v. Quinones*, Cuyahoga App. No. 86959, 2006-Ohio-4096 (holding that substantial compliance is the proper standard under R.C. 2963.30, the interstate agreement on detainers, which is the speedy trial statute that applies to defendants in out-of-state prisons, including federal penitentiaries).

{¶ 15} Substantial compliance requires the defendant to do "everything that could be reasonably expected." *State v. Ferguson* (1987), 41 Ohio App.3d 306, 311, 535 N.E.2d 708. "The key to determining when the 180-day period begins * * * is delivery upon the receiving state and its court. * * * What is important is there be documentary evidence of the date of delivery to the officials of the receiving state." *State v. Pierce*, Cuyahoga App. No. 79376, 2002-Ohio-652.

{¶ 16} In this matter, there is no evidence in the record to suggest that appellant successfully filed a notice of availability with the Cuyahoga County Prosecutor's Office or the City of Cleveland Prosecutor's Office. R.C. 2941.401, as interpreted by the courts, makes it clear that notice to "both the prosecuting attorney and the appropriate court" is required when requesting a speedy trial. The fact that appellant filed a notice with the court does not compel a finding of substantial compliance where appellant failed to send notice to the prosecutor's office. Therefore, we hold that appellant's failure to fulfill both notice requirements of R.C. 2941.401 constitutes a waiver of his right to be brought to trial within 180 days. *State v. Turner* (1982), 4 Ohio App.3d 305, 448 N.E.2d 516, at paragraph two of the syllabus; *State v. Rodano* (Apr. 14, 1988), Cuyahoga App. No. 53804; *Mayfield Hts. v. Clements* (July 10, 1997), Cuyahoga App. No. 72018.

{¶ 17} Appellant's first assignment of error is overruled.

## II

{¶ 18} In his second assignment of error, appellant argues that he was denied due process of law when the trial court failed to properly inform him of his postrelease control obligations.

{¶ 19} As it relates to this appeal, the trial court was required under Crim.R. 11(C)(2)(a) to personally address appellant and determine that he entered his plea voluntarily, with an understanding of the maximum penalty involved. Ohio courts have determined that, although literal compliance with Crim.R. 11(C)(2)(a) is preferred, substantial compliance is sufficient in regard to nonconstitutional rights, such as the right

to receive the plea notification of postrelease control. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶31; *State v. White*, Cuyahoga App. No. 95098, 2011-Ohio-1562, fn. 4. As stated by this court, "the statutory right to receive the plea notification of postrelease control under R.C. 2943.032 is similar to the nonconstitutional notifications of Crim.R. 11(C)(2) and therefore subject to the substantial-compliance standard." *State v. Jones*, Cuyahoga App. No. 94607, 2011-Ohio-1918, ¶6.

{¶ 20} "Under this standard, a slight deviation from the text of the rule is permissible, so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Clark* at ¶31, quoting *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger* (1995), 105 Ohio App.3d 567, 572, 664 N.E.2d 959, citing *Nero* at 108. "Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." *Nero* at 108, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 364 N.E.2d 1163; Crim.R. 52(A). The test is whether the plea would have otherwise been made. *Nero* at 108.

{¶ 21} To substantially comply with Crim.R. 11(C)(2)(a), this court has found that the trial court must advise a defendant of any mandatory postrelease control period at the time of the defendant's plea. *State v. Conrad*, Cuyahoga App. No. 88934,

2007-Ohio-5717. "Postrelease control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation by the trial court of postrelease control, a defendant cannot fully understand the consequences of his plea as required by Criminal Rule 11(C)." *State v. Griffin*, Cuyahoga App. No. 83724, 2004-Ohio-4344, ¶13, citing *State v. Jones* (May 24, 2001), Cuyahoga App. No. 77657, discretionary appeal not allowed, 93 Ohio St.3d 1434, 755 N.E.2d 356.

{¶ 22} At appellant's plea proceeding, the trial court advised him that a felony of the second degree carried a sentence ranging from two to eight years. Thereafter, the trial court advised appellant concerning postrelease control as follows: "Upon release from prison, you will be subject to three years of postrelease control by the Adult Probation [sic] Authority. Should you misbehave while under their supervision, you can receive additional prison time under this case number. Do you understand that?" Appellant stated that he understood and entered a plea of guilty.

{¶ 23} Initially, appellant argues that the trial court improperly advised him of postrelease control because the court failed to state that he faced a mandatory *five year* period of postrelease control based on his conviction for a felony in the first degree. However, the record clearly indicates that appellant pled, and was sentenced on, the amended count of burglary in violation of R.C. 2911.12(A)(2), a second degree felony. Therefore, appellant was properly advised that he was subject to a mandatory three-year period of postrelease control pursuant to R.C. 2967.28(B)(2).

**{¶ 24}** Additionally, appellant argues that the trial court failed to properly advise him of the sanctions associated with a postrelease control violation. We disagree. As stated, the trial court advised appellant, "[s]hould you misbehave while under their supervision, you can receive additional prison time under this case number." This statement substantially complied with the requirements of Crim.R. 11(C)(2)(a) and R.C. 2943.032.

**{¶ 25}** Based on the totality of the circumstances, we find no reason to vacate appellant's plea. The record reflects that appellant subjectively understood the implications of his plea and the rights he was waiving. Appellant did not inform the court that he did not understand the court's advisement, nor has appellant demonstrated that he was prejudiced by any confusion he may have had.

**{¶ 26}** Moreover, appellant was advised of his postrelease obligations at sentencing. "When sentencing a felony offender to a term of imprisonment, a trial court is required to notify the offender at the sentencing hearing about postrelease control and is further required to incorporate that notice into its journal entry imposing sentence." *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. In the case at hand, the record reflects that the trial court informed appellant, "Upon release from prison you will be subject to three years supervision by the Adult Parole Authority. You violate the terms and conditions of that, you can pick up another year in this case, or subject to prosecution for any other case you pick up."

{¶ 27} Additionally, the order of postrelease control was reflected in the sentencing judgment entry, which states, "Postrelease control is part of this prison sentence for 3 years mandatory for the above felony(s) under R.C. 2967.28. Defendant advised that if postrelease control supervision is imposed following his release from prison and he violates that supervision or condition of postrelease control under R.C. 2967.131(B), parole board may impose a prison term as part of the sentence of up to one half of the stated prison term originally imposed on the offender." Thus, appellant was adequately informed of his postrelease control obligations.

{¶ 28} Appellant's second assignment of error is overruled.

### III

{¶ 29} In his third assignment of error, appellant argues that he was denied due process of law when the trial court imposed restitution without a meaningful hearing.

{¶ 30} Preliminarily, we note that appellant did not object at his sentencing hearing to the order of restitution or the amount ordered, thus he waived all but plain error. *State v. Jarrett*, Cuyahoga App. No. 90404, 2008-Ohio-4868, ¶14, citing *State v. Marbury* (1995), 104 Ohio App.3d 179, 181, 661 N.E.2d 271.

{¶ 31} Crim.R. 52(B) provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." We invoke plain error if we find that the circumstances in the instant case are exceptional and that reversal of the restitution order is necessary to prevent a manifest miscarriage of

justice. *State v. Landrum* (1990), 53 Ohio St.3d 107, 112, 559 N.E.2d 710. For the reasons that follow, we do not find plain error.

**{¶ 32}** At sentencing, the trial court ordered that "restitution in the amount of $3,175 is ordered to [the victim] for the damages to the door, and other things." R.C. 2929.18(A) provides in relevant part that a court may sentence the offender to a financial sanction, including: "(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court * * *. If the court imposes restitution at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information * * *."

**{¶ 33}** With respect to appellant's claim that the trial court ordered restitution without conducting a hearing, R.C. 2929.18(A)(1) specifically states, "[i]f the court decides to impose restitution, the court shall hold a hearing on restitution *if the offender, victim, or survivor disputes the amount*." (Emphasis added.) As previously noted, at no time did appellant or his counsel object to restitution or dispute the amount. As such, the trial court was not required to hold a separate hearing on restitution. See *State v. Williams*, Cuyahoga App. No. 93625, 2010-Ohio-3418.

**{¶ 34}** Appellant's third assignment of error is overruled.

# IV

{¶ 35} In his fourth assignment of error, appellant argues that he was denied due process of law when the trial court failed to assess court costs in open court, and yet costs were assessed in the judgment entry. In support of his argument, appellant cites the Ohio Supreme Court's decision in *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278.

{¶ 36} In *Joseph*, the court held that it is reversible error under Crim.R. 43(A) for the trial court to impose costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing. Id. at ¶22. The court reasoned that the defendant was denied the opportunity to claim indigency and to seek a waiver of the payment of court costs in the trial court because the trial court did not mention costs at the sentencing hearing. Id.

{¶ 37} The state concedes that the trial court failed to assess costs in open court. Appellant's fourth assignment of error is sustained, and the matter is remanded to the trial court to allow appellant to move the court for a waiver of the payment of court costs.

{¶ 38} This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

LARRY A. JONES, J., and
COLLEEN CONWAY COONEY, J., CONCUR