[Cite as *State v. Bell*, 2013-Ohio-3802.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

_____

### JOURNAL ENTRY AND OPINION
### No. 96446

_____

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## DEONTA BELL

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-542463
Application for Reopening
Motion No. 467550

**RELEASE DATE:** September 3, 2013

**ATTORNEY FOR APPELLANT**

Deonta Bell, pro se
A 600-014
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43302


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Alison Foy
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY EILEEN KILBANE, J.:

**{¶1}** Applicant, Deonta Bell, pled guilty and was sentenced on convictions of burglary and assault in Cuyahoga C.P. Nos. CR-542463 and CR-539985. Applicant, through counsel, pursued an appeal. We affirmed the trial court's judgment in *State v. Bell*, 8th Dist. Cuyahoga No. 96446, 2011-Ohio-5667. Applicant now seeks to reopen the appeal pursuant to App.R. 26(B).

**{¶2}** The appellate judgment was journalized on November 3, 2011. The application for reopening was not filed until August 19, 2013. This falls well outside the time limits of App.R. 26(B)(1), which requires applications to be filed within 90 days after journalization of the appellate judgment. The only exception that would permit us to review an untimely application is if applicant establishes good cause for filing at a later time. *Id.*

**{¶3}** The Supreme Court of Ohio, with regard to the 90-day deadline provided by App.R. 26(B)(2)(b), has firmly established that

> Ohio and other states "may erect reasonable procedural requirements for triggering the right to an adjudication," *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 437, 102 S.Ct 1148, 71 L.Ed.2d 265, and that is what Ohio has done by creating a 90-day deadline for the filing of applications to reopen. [The applicant] could have retained new attorneys after the court of appeals issued its decision in 1994, or he could have filed the application on his own. What he could not do was ignore the rule's filing deadline. * ** The 90-day requirement in the rule is "applicable to all appellants," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 1996 Ohio 52, 658 N.E.2d 722, and [the applicant] offers no sound reason why he — unlike so many other Ohio criminal defendants — could not comply with that fundamental aspect of the rule.

*State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, ¶ 7-9.

**{¶4}** "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. Applicant does not address the issue of his untimely application, and he does not argue that any good cause exists for the late filing. Therefore, the untimely application for reopening must be denied. *State v. Garcia*, 8th Dist. Cuyahoga No. 74427, 2005-Ohio-5796, ¶ 3.

**{¶5}** Accordingly, this court denies the application to reopen.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
TIM McCORMACK, J., CONCUR