[Cite as *State v. Sullivan*, 2023-Ohio-1036.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                             :

    Plaintiff-Appellee,          :

                                    Nos. 111621 and 111917

    v.                           :

DONALD SULLIVAN,                           :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART; REVERSED IN PART;
                AND REMANDED
**RELEASED AND JOURNALIZED:**  March 30, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-639981-A and CR-19-642705-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Eamonn McDermott, Assistant Prosecuting
Attorney, *for appellee.*

Anna Markovich, *for appellant.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Donald Sullivan ("appellant") appeals his conviction and sentence from the Cuyahoga County Court of Common Pleas, arguing that his plea was not knowingly, voluntarily, and intelligently entered because the trial court

failed to comply with Crim.R. 11 and that the trial court failed to provide all of the required notifications under R.C. 2929.19(B)(2)(c) when he was sentenced. After a thorough review of the applicable law and facts, we affirm in part, reverse in part, and remand this matter for further proceedings.

## I. Factual and Procedural History

{¶ 2} This appeal arises from appellant's convictions in two separate cases.

{¶ 3} In Cuyahoga C.P. No. CR-19-639981, appellant was indicted on two counts of felonious assault with notice of prior conviction and repeat violent offender specifications. In Cuyahoga C.P. No. CR-19-642705, appellant was indicted on one count of attempted murder and two counts of felonious assault, along with notice of prior conviction and repeat violent offender specifications.

{¶ 4} Pursuant to a plea agreement with the state, appellant pled guilty in CR-19-639981 to attempted felonious assault, a felony of the third degree, in violation of R.C. 2923.012 and 2903.11(A)(1). The repeat violent offender and notice of prior conviction specifications were nolled. In CR-19-642705, appellant pled guilty to felonious assault, a felony of the second degree, with notice of prior conviction and repeat violent offender specifications.

{¶ 5} During the plea hearing, the court informed appellant that following the completion of his prison term, he would be subject to a mandatory term of postrelease control and advised him as follows:

THE COURT: While on post-release control, if you violate terms and conditions or fail to report to a parole officer, you could face additional sanctions. Those sanctions could include a prison term. You could be

returned to prison for up to half of the original prison term or one year, whichever is greater.

In addition to that if you are convicted of a new felony offense while on post-release control, that sanction for violating post-release control could be — it could be imposed consecutive to any sentence that you got on a new felony conviction.

Do you understand that?

[APPELLANT]: Yes.

{¶ 6} The court asked if counsel were satisfied that it had complied with Crim.R. 11, and both counsel for the state and appellant's trial counsel indicated that they were.

{¶ 7} The court then stated that appellant understood the nature of the charges and understood the terms of the plea agreement, his constitutional rights, and the maximum penalties that could be imposed. The court therefore found that "any pleas entered by [appellant] will be knowingly, voluntarily and intelligently done."

{¶ 8} Appellant entered his plea to both cases, and the court proceeded directly to sentencing. Appellant was sentenced to a prison term of five to seven and one-half years under the Reagan Tokes Law for CR-19-642705. Appellant was sentenced to 18 months in prison on CR-19-639981, to run concurrently with the sentence in the other case.

{¶ 9} Appellant filed the instant appeal, raising two assignments of error for our review:

1. Appellant's guilty pleas were not knowingly, intelligently, and voluntarily entered because the trial court failed to comply with Criminal Rule 11 before accepting appellant's guilty [plea].

2. Because the trial court failed to provide the notifications required by R.C. 2929.19(B)(2)(c) in Case No. CR-19-642705, it must be remanded.

## II. Law and Analysis

{¶ 10} In his first assignment of error, appellant argues that the trial court failed to inform him prior to accepting his guilty plea that a sentence for a postrelease-control violation *must* be served consecutively to the original sentence.

{¶ 11} Crim.R. 11(C) requires that a trial court ensure that a defendant pleading guilty to a felony case do so knowingly, intelligently, and voluntarily and prescribes the process a court must follow to ensure this occurs. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10, 11. We review de novo whether a plea is knowing, intelligent, and voluntary. *State v. Allen*, 8th Dist. Cuyahoga No. 105757, 2018-Ohio-586, ¶ 8.

{¶ 12} Pertinent to appellant's first assignment of error, Crim.R. 11(C)(2)(a) requires the trial court to

> [d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 13} A trial court must substantially comply with the Crim.R. 11 right to be notified of the maximum penalty and other nonconstitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8-10, ¶ 14; *State v. Austin*,

8th Dist. Cuyahoga No. 105981, 2019-Ohio-1983, ¶ 15-16. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 14} This court has noted that postrelease control is part of the "maximum penalty involved" in instances where the trial court imposes a prison term. *Austin* at ¶ 16, citing *State v. Griffin*, 8th Dist. Cuyahoga No. 83724, 2004-Ohio-4344, ¶ 13. Accordingly, substantial compliance with Crim.R. 11(A)(2) requires that at the time of the plea, a trial court advise the defendant of any mandatory postrelease-control term. *Id.*, citing *State v. Bell*, 8th Dist. Cuyahoga No. 96446, 2011-Ohio-5667, ¶ 10.

{¶ 15} This court will not invalidate a guilty plea based on a trial court's failure to advise the defendant with regard to a nonconstitutional right where the defendant fails to show prejudice, i.e., by demonstrating that the defendant would not have otherwise made the plea. *Id.*

{¶ 16} In the instant matter, the court advised appellant of the period of postrelease control and explained the nature of postrelease control before asking appellant whether he understood. Appellant responded that he did. Moreover, the court inquired of the state as well as appellant's trial counsel as to whether it had complied with Crim.R. 11 and both confirmed that it did.

{¶ 17} Appellant takes issue with the court's statement that if appellant were to be convicted of a new felony offense while on postrelease control, the sanction for violating postrelease control *could be* imposed consecutively to any sentence that he received for the new felony conviction. Appellant argues that this statement was erroneous because R.C. 2967.28 *requires* that the sentence imposed for a violation of postrelease control be served consecutively to the sentence for the new felony.

{¶ 18} While appellant cites R.C. 2967.28 in support of his argument, that statute does not contain any provision regarding the imposition of a consecutive sentence for a postrelease-control violation. Rather, the pertinent provisions are found in R.C. 2929.141. "Within the parameters of R.C. 2929.141, a trial court has discretion to impose additional prison time for a violation of postrelease control, but once the court decides to impose a prison sentence, that sentence must be imposed consecutive to other sentences." *State v. Nix*, 8th Dist. Cuyahoga No. 106894, 2019-Ohio-1640, ¶ 11.

{¶ 19} Nevertheless, any advisement that a sentence for the violation of postrelease control arising from the commission of a new felony will be served consecutively to the sentence for the new felony offense is only required during the plea hearing for the *new* felony offense. *See State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 21 (holding that Crim.R. 11(C)(2)(a) requires a trial court to advise a criminal defendant on postrelease control for a prior felony, *during his plea hearing in a new felony case*, that the court could terminate the

defendant's existing postrelease control and impose a consecutive prison sentence for the postrelease-control violation).

{¶ 20} The court's statement that a consecutive sentence "could be" imposed following a new felony offense while on postrelease control had no effect on appellant's plea in this matter. For appellant's plea to be knowing, voluntary, and intelligent, the court was only required to advise appellant of the period of postrelease control that would be imposed as part of the "maximum penalty involved" in his plea, which it did. Accordingly, we find no merit to appellant's first assignment of error and it is overruled.

{¶ 21} Appellant's second assignment of error argues that this matter must be remanded for resentencing because the court did not notify him of all the requirements of R.C. 2929.19(B)(2)(c) at the sentencing hearing in CR-19-642705.

{¶ 22} When a trial court imposes a nonlife felony indefinite sentence pursuant to the Reagan Tokes Law, R.C. 2929.19(B)(2)(c) requires that the trial court notify the offender of the following:

> (i) That it is rebuttably presumed that the offender will be released from service of the sentence on the expiration of the minimum prison term imposed as part of the sentence or on the offender's presumptive earned early release date, as defined in section 2967.271 of the Revised Code, whichever is earlier;

> (ii) That the department of rehabilitation and correction may rebut the presumption described in division (B)(2)(c)(i) of this section if, at a hearing held under section 2967.271 of the Revised Code, the department makes specified determinations regarding the offender's conduct while confined, the offender's rehabilitation, the offender's threat to society, the offender's restrictive housing, if any, while confined, and the offender's security classification;

(iii) That if, as described in division (B)(2)(c)(ii) of this section, the department at the hearing makes the specified determinations and rebuts the presumption, the department may maintain the offender's incarceration after the expiration of that minimum term or after that presumptive earned early release date for the length of time the department determines to be reasonable, subject to the limitation specified in section 2967.271 of the Revised Code;

(iv) That the department may make the specified determinations and maintain the offender's incarceration under the provisions described in divisions (B)(2)(c)(i) and (ii) of this section more than one time, subject to the limitation specified in section 2967.271 of the Revised Code;

(v) That if the offender has not been released prior to the expiration of the offender's maximum prison term imposed as part of the sentence, the offender must be released upon the expiration of that term.

{¶ 23} While the court must give these notices at the time of sentencing, no specific language is required. *State v. Gates*, 8th Dist. Cuyahoga No. 110616, 2022-Ohio-1666, ¶ 25.

{¶ 24} Here, at the sentencing hearing, the trial court notified appellant by stating,

And I did explain to you during your plea that Case Number 642705, the felonious assault plea of two to eight years is an indefinite sentence and that is pursuant to Reagan Tokes.

What that means is that the sentence that the Court imposes on there is the presumption that you will be released at the end of that sentence.

However. [sic] The Department of Rehabilitation and Corrections can impose and keep you for longer depending on your conduct while in prison. And that is for up to half of your sentence. An additional half. So, I just wanted to make sure that I am clear about that with you.

So on Case Number 642705, the Court is going to impose a term of incarceration of five years.

This is a mandatory prison term on that case because of the repeat violent offender specification. I'm sorry. The notice of prior conviction specification.

The Court is not going to elect to impose an additional consecutive sentence based on the repeat violent offender specification. What that means is the term of incarceration is five years.

However, you could be held for up to seven and a half years which is two and a half years more than the stated prison term depending on your conduct in prison.

* * *

That presumption can be rebutted in an administrative hearing that would be held at the prison or through the Department of Correction.

{¶ 25} Pursuant to R.C. 2929.19(B)(2)(c), the trial court notified appellant (1) of the rebuttable presumption that he would be released upon expiration of the five-year prison term; (2) that "depending on [his] conduct while in prison," the presumption is rebuttable by the Department of Rehabilitation and Correction ("DRC"); and (3) that, if rebutted, appellant may remain in prison up to the maximum term of seven and a half years. However, the trial court's reference to appellant's "conduct while in prison" does not include all of the "specified determinations" the DRC may make to rebut the presumption, or that the presumption may be rebutted more than once up to the maximum term, or that appellant must be released upon expiration of the maximum term. Therefore, the trial court did not fully notify appellant of the required advisements under R.C. 2929.19(B)(2)(c).

{¶ 26} We agree with appellant that the trial court's failure to fully notify appellant of the R.C. 2929.19(B)(2)(c) advisements requires remanding this matter for resentencing. *See State v. Bradley*, 8th Dist. Cuyahoga No. 110882, 2022-Ohio-2954, ¶ 13; *Gates*, 2022-Ohio-1666, at ¶ 27; *State v. Whitehead*, 8th Dist. Cuyahoga No. 109599, 2021-Ohio-847, ¶ 46.

{¶ 27} Appellant's second assignment of error is sustained.

### III. Conclusion

{¶ 28} The trial court complied with Crim.R. 11, and appellant's plea was knowing, voluntary, and intelligent. However, because the trial court failed to fully notify appellant of the R.C. 2929.19(B)(2)(c) advisements, the case is remanded for resentencing solely to provide the proper advisements.

{¶ 29} Accordingly, judgment is affirmed in part, reversed in part, and remanded for resentencing solely to provide all the advisements required by R.C. 2929.19(B)(2)(c).

Costs in this matter shall be divided equally between the parties.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MARY EILEEN KILBANE, J., CONCUR