[Cite as *State v. Roberts*, 2016-Ohio-5319.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103307**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BARRY D. ROBERTS

DEFENDANT-APPELLANT

## JUDGMENT:
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-592427-A

**BEFORE:** Stewart, J., Jones, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** August 11, 2016

**ATTORNEY FOR APPELLANT**

Richard Agopian
1415 West Ninth Street, Second Floor
Cleveland, OH 44113

**ALSO LISTED:**

Barry D. Roberts, pro se
Inmate No. 671791
Mansfield Correctional Institution
P.O. Box 788
Mansfield, OH 44901

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Mary McGrath
Fallon Radigan
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Barry Roberts pleaded guilty to one count of domestic violence and one count of endangering children. The court imposed a 36-month prison term for the domestic violence count and time-served on the misdemeanor endangering children count. The court also ordered Roberts "to have no contact with the victim."

{¶2} The sole assignment of error in this appeal is premised on *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, where the Supreme Court held that "the General Assembly intended prison and community-control sanctions as alternative sentences for a felony offense[,]" so that "when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions." *Id*. at ¶ 31. A no-contact order is a form of community control sanction, *id*. at ¶ 17, so it is generally illegal for the court to impose a felony sentence and a no-contact order. *Id*. at ¶ 32.

{¶3} The state concedes that "the no contact order is contrary to the holding in *Anderson*" because the court had no authority to order both a prison term and a community control sanction for the offenses that Roberts committed. It suggests that the sentencing entry be modified to delete the no-contact order, particularly given that the court did not mention the no-contact order during sentencing (at sentencing, Roberts voluntarily agreed to avoid contact with the victims). We agree with the state's

concession and its suggested disposition of this appeal. We sustain the assignment of error and remand so that the court can issue a new sentencing entry that deletes the no-contact order.

{¶4} Judgment reversed and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

LARRY A. JONES, SR., A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR