[Cite as *State v. Allen*, 2018-Ohio-586.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105757**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# SHARONIKA D. ALLEN

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-600080-A and CR-16-607905-B

**BEFORE:** Blackmon, J., S. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** February 15, 2018

**ATTORNEY FOR APPELLANT**

David L. Doughten
David L. Doughten, LPA
4403 St. Clair Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:    Holly Welsh
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} Defendant-appellant, Sharonika D. Allen ("Allen"), appeals from her guilty pleas in two cases. Allen assigns the following error for our review:

> [Allen's] guilty plea was not entered knowingly, intelligently and voluntarily as the trial court misinformed her that the charged offense included mandatory time, resulting in the appellant accepting a plea to a lesser offense which did not require a mandatory term of incarceration.

{¶2} Having reviewed the record and pertinent law, we affirm. The apposite facts follow.

{¶3} On October 23, 2015, Allen was indicted in Case No. CR-15-600080 for one count of escape in violation of R.C. 2921.34(A)(3) for failing to report as required under the terms of postrelease control ordered in Case No. CR-11-548831. On July 12, 2016, Allen and two codefendants were also indicted in Case No. CR-16-607905. As is relevant herein, Allen was charged with four counts of trafficking in persons in violation of R.C. 2905.32 (Counts 1, 4, 9 and 17), three counts of compelling prostitution in violation of R.C. 2907.21(A)(2)(A) (Counts 2, 10, and 18), five counts of kidnapping in violation of R.C. 2905.01(A)(2) (Counts 3, 6, 11, 16, and 19), one count of promoting prostitution in violation of R.C. 2907.22(A)(2) (Count 5), one count of rape in violation of R.C. 2907.02(A)(2) (Count 13), and one count of robbery in violation of R.C. 2911.02(A)(2) (Count 15).

{¶4} Allen subsequently entered into a plea agreement with the state whereby she pled guilty to the escape charge in Case No. CR-15-600080, and one count of trafficking in persons in Case No. CR-16-607905, that was amended from a first-degree

felony to a second-degree felony (reduced Count 1). All remaining charges were dismissed.

{¶5} Allen was subsequently sentenced to a six-month term for escape, to be served consecutively to an eight-year term for attempted trafficking in persons.

## Guilty Plea

{¶6} In her sole assigned error, Allen argues that her guilty plea was not knowingly and voluntarily made because the trial court improperly informed Allen that as originally charged, first-degree felony trafficking in persons carried a mandatory term of incarceration, and that by pleading to a lesser included offense that did not require a mandatory sentence, she could also avail herself of programs in the prison and possibly judicial release.

{¶7} With regard to the procedural law, we note that if a guilty plea is not made knowingly, intelligently, and voluntarily, then it is unconstitutional under both the United States Constitution and the Ohio Constitution. *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. Under Crim.R. 11(C)(2), the trial court shall not accept a guilty plea in a felony case without personally addressing the defendant and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c)    Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to a jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶8} In determining whether a plea was entered knowingly, intelligently, and voluntarily, "an appellate court examines the totality of the circumstances through a de novo review of the record." *State v. Spock*, 8th Dist. Cuyahoga No. 99950, 2014-Ohio-606, ¶ 7; *see also State v. Petitto*, 8th Dist. Cuyahoga No. 95276, 2011-Ohio-2391, ¶ 4.

{¶9} The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, syllabus; *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), at paragraph one of the syllabus.

{¶10} As to the nonconstitutional rights, substantial compliance is sufficient. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31; *State v. Hedenberg*, 8th Dist. Cuyahoga No. 102112, 2015-Ohio-4673, ¶ 12; *Veney* at ¶ 14. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.,* citing *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).   If

it "appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger*, 105 Ohio App.3d 567, 572, 664 N.E.2d 959 (4th Dist.1995), citing *Nero* at 108-109.

{¶11} The nonconstitutional rights listed in Crim.R. 11 include the defendant's right to be informed of the "maximum penalty involved." *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619, ¶ 19 (8th Dist.). Therefore, where a defendant faces a mandatory prison sentence as a result of a guilty or no contest plea, the trial court must determine, prior to accepting a plea, that the defendant understands that he or she is subject to a mandatory prison sentence and that as a result of the mandatory prison sentence, he or she is not eligible for probation or community control sanctions. *Id.* at ¶ 19.

{¶12} In this matter, Allen was originally indicted for trafficking in persons in violation of R.C. 2905.32(A)(1), a first-degree felony. R.C. 2905.32(E).

{¶13} Under R.C. 2905.32:

Whoever violates this section is guilty of trafficking in persons, a felony of the first-degree. *Notwithstanding division (A)(1)* of section 2929.14 of the Revised Code [setting forth the range of prison terms for first-degree felonies], the court *shall sentence the offender to a definite prison term of ten, eleven, twelve, thirteen, fourteen, or fifteen years*. (Emphasis added.)

{¶14} The Ohio Legislative Service states:

[H.B. 262] raises the level of offense for trafficking in persons from a felony of the second degree to a felony of the first degree. A prison term is not mandatory for a first or second degree felony unless a statute expressly requires one. Normally, a prison term, if one is imposed, is for a definite number of years ranging from 2 to 8 for a second degree felony and from 3

to 11 for a first degree felony. Under the act, a sentencing court must impose a mandatory prison term of 10, 11, 12, 13, 14, or 15 years on a person convicted of trafficking in persons.

*See* https://www.lsc.ohio.gov/analyses 129/12-hb262-129.pdf (accessed January 2018).

*Id.*, citing to R.C. 2905.32 and 2929.13(F)(4).

**{¶15}** R.C. 2929.13(F) in turn states:

Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under   * * *:

(4) A felony violation of section * * * 2905.32.

**{¶16}**   As explained by the Ohio State Bar Association:

In June 2012, the Ohio Legislature passed House Bill 262, Ohio's Safe

Harbor Law, to strengthen the trafficking in persons statute. This new

statute raised the penalty for trafficking in persons from a second degree to

a first degree felony with a mandatory prison term of 10 to 15 years.

*See* https://www.ohiobar.org/OhioLawyer/Pages/ Human-trafficking-in- Ohio   (accessed

January 2018).

**{¶17}**   In accordance with the foregoing, this record demonstrates that Allen was subject to mandatory imprisonment under Count 1 as originally charged, because it alleged first-degree felony trafficking in persons.   However, after the amendment of this count, Allen was charged with attempted trafficking in persons.   By operation of the attempt statute, R.C. 2923.02(E), the charge became an offense of the next lower degree, i.e., a second-degree felony.   R.C. 2923.02(E).

**{¶18}** Prior to entering her guilty plea, the trial court advised Allen as follows:

THE COURT: That is a second degree felony. So let's talk about punishment. First of all, second degree felonies carry a presumption that you are going to prison. And so it's not a mandatory prison sentence, but the courts are expected to hand out a prison sentence unless you can shoulder your burden to prove that seriousness factors are outweighed by factors indicating less serious conduct and factors indicating likely to commit crime in the future are outweighed by factors indicating you are less likely to commit crime in the future. Understood?

THE DEFENDANT: Yes.

**{¶19}** In accordance with the foregoing, we conclude that the trial court did not err when it advised Allen that she had been subject to mandatory imprisonment under Count 1 as originally charged, but the amendment of this count to attempted trafficking subjected her to the ordinary penalties imposed on a second-degree felony. Therefore, we conclude that the trial court substantially complied with its duty to advise Allen of the maximum penalty she faced. There is no basis upon which to conclude that the guilty plea was not made knowingly, intelligently, and voluntarily.

**{¶20}** The assigned error is not well-taken.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

SEAN C. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR