[Cite as *State v. Ellis*, 2020-Ohio-1130.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | Case Nos. 2019CA0014 & 2019CA0015 |
| JOHN ELLIS | |
| Defendant-Appellant | O P I N IO N |


| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Coshocton County Court of Common Pleas, Case Nos. 2018CR0200 & 2019CR0034 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 24, 2020 |
| APPEARANCES: | |


| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JASON W. GIVEN<br>Coshocton County Prosecuting Attorney<br>318 Chestnut Street<br>Coshocton, Ohio  43812 | JEFFREY G. KELLOGG<br>5 South Washington Street<br>Millersburg, Ohio  44654 |

*Hoffman, P.J.*

{¶1}   Appellant John Ellis appeals the judgment entered by the Coshocton County Common Pleas Court convicting him upon his pleas of guilty to aggravated trafficking in drugs (R.C. 2925.03(A)(2) in Case No. 2018 CR 0200, App. No. 2019CA0014, and aggravated trafficking in drugs (R.C. 2925.03(A)(2)) in Case No. 2018 CR 0034, App. No. 2019CA0015, and sentencing him to seven years incarceration on each count, to be served consecutively.  Appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}   Appellant was indicted in three separate cases by the Coshocton County Grand Jury in late 2018 and early 2019.  In trial court case number 2018 CR 0193, he was charged with two counts aggravated trafficking in drugs.  In trial court case no. 2018 CR 0200, he was charged with one count of trafficking in marijuana, one count aggravated trafficking in a fentanyl-related compound, and one count aggravated trafficking in drugs.  In trial court case number 2019 CR 0034, he was charged with one count of aggravated trafficking in drugs.

{¶3}   The case came before the Coshocton County Common Pleas Court on July 24, 2019, for a change in plea hearing.  Appellant agreed to plead guilty to the single count of aggravated trafficking in drugs charged in case number 2019 CR 0034, and to an amended count of aggravated trafficking in drugs in case number 2018 CR 0200.  In exchange for his pleas of guilty, the State agreed to dismiss all other counts, including the entirety of the indictment in 2018 CR 00193.  After accepting Appellant's pleas of guilty, the trial court ordered a pre-sentence investigation.

---

[1] A rendition of the facts is unnecessary for our resolution of the issues raised on appeal.

**{¶4}** The case proceeded to sentencing on August 16, 2019. The trial court sentenced Appellant to seven years incarceration on each count, to be served consecutively.

**{¶5}** It is from the August 26, 2019 judgment of the Coshocton County Common Pleas Court Appellant prosecutes his appeals, assigning as error:

I. THE TRIAL COURT ERRED AND THE DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT FAILED TO INFORM HIM OF THE POTENTIAL FOR CONSECUTIVE SENTENCES AT THE TIME OF HIS PLEA.

II. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO CONSECUTIVE SENTENCES.

I.

**{¶6}** In his first assignment of error, Appellant argues the trial court erred in failing to advise him as a consequence of his plea, any sentence imposed for violation of the community control sanction he was serving from Summit County could be ordered to be served consecutively.

**{¶7}** Crim. R. 11(C)(2)(a) provides:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest

without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶8} Appellant couches his argument in terms of violation of post-release control. While at one point in the transcript of the sentencing hearing, the trial court mistakenly uses the term post-release control, it is apparent from the remainder of the transcript and the record in this case, Appellant was serving a community control sanction as a result of his conviction in Summit County, not a post-release control sanction.

{¶9} Appellant relies on *State v. Bishop,* 156 Ohio St. 3d 156, 124 N.E.3d 766, 2018 -Ohio- 5132, in support of his argument. We find *Bishop* distinguishable from the case at bar.

{¶10} In *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), the Ohio Supreme Court held the trial court's failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary. Subsequently, in *Bishop, supra,* at paragraph 2 of the syllabus, the Ohio Supreme Court held a trial court must inform a defendant who is on post-release control, and is pleading guilty to a new felony offense, of the trial court's authority to revoke the defendant's post-release control and impose a prison term

consecutively to any term of imprisonment it imposes for the new felony offense. However, where post-release control is not a consideration, the concerns expressed in *Bishop* do not apply, and *Johnson* does not require a defendant be advised of the possibility of consecutive sentences. *State v. Roberts*, 9th Dist. Medina No. 19CA0004-M, 2019-Ohio-4393, ¶ 7.

{¶11} The *Bishop* decision specifically cited to the trial court's authority to revoke post-release control. Such authority is set forth in R.C. 2929.141:

> (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, *the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release cont*rol:
>
> (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. (Emphasis added).

{¶12} While the court accepting the guilty plea may terminate post-release control and impose a prison term for its violation regardless of which court in the state imposed the original sentence for which the person is on post-release control, only the original sentencing court may impose a sentence for violation of community control. R.C. 2929.15(B). In the instant case, Appellant was not on post-release control, the sentencing court in this case lacked authority to impose a sentence for violation of

Appellant's community control sanction from Summit County, and *Bishop* therefore does not apply.   We find the trial court did not err in failing to inform Appellant the potential consequences of his plea in the instant case on the potential sentence of the Summit County court should his community control be revoked.

**{¶13}** The first assignment of error is overruled.

II.

**{¶14}** In his second assignment of error, Appellant argues consecutive sentences are not supported by the record.  He concedes the court made the findings required by R.C. 2929.14(C)(4) to impose consecutive sentences, but argues the court's findings are unsupported by the record.

**{¶15}** R.C. 2929.14(C)(4) provides:

(C)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶16}** Our standard of review of sentencing is set forth in R.C. 2953.08(G)(2):

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a)That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶17}** In the judgment entry of sentencing, the trial court found consecutive sentences were necessary to protect the public from future crime and to punish Appellant, were not disproportionate to the seriousness of Appellant's conduct and the danger he poses to the public, and his history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by Appellant. The trial court noted Appellant was on community control sanctions for a felony of the third degree out of Summit County when he committed the offense, and has a prior conviction for violation of R.C. 2925.03 in Case No. 03 CR 0021 from Coshocton County.

**{¶18}** During the sentencing hearing, the trial court made the following statement from the bench:

Those sentences will be served consecutively, or one after the other, for a total aggregate prison term of 14 years. In imposing a consecutive sentence, the court finds that consecutive service is necessary to protect the public from the future crime and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses the public.

The court makes further findings in case 18-CR-00200: That case was committed while the defendant was on post-release [sic] control for a

felony of the third degree in Summit County, Ohio. And the court further notes that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. The court notes that the defendant has a prior felony conviction for trafficking in marijuana in 2003, and the defendant has a prior felony conviction for having weapons while under disability, aggravated possession of drugs, and possession of drugs out of Summit County in 2018. The court further finds that the harm caused by the offenses is so great or unusual that no single prison term for any of the offenses committed adequately reflects the seriousness of the offender's conduct. And, Mr. Ellis, that's where the rubber really hits the road here. And this is a tragedy, because it didn't have to be this way. And you went down a path of not only drug abuse but of distribution of a lot of methamphetamine in this community. A drug that has wreaked havoc upon this community. Mr. Ellis, you are not a drug addict coming in having sold .05 grams of meth to another drug addict. Instead, Mr. Ellis, you are a major drug dealer.

**{¶19}** Sent. Tr. 9-10.

**{¶20}** The court also noted one of the offenses was committed in the vicinity of a juvenile, and Appellant's actions show a "pure disregard" for the law of the State of Ohio and an intentional desire to traffic in methamphetamine. Sent. Tr. 7-8.

**{¶21}** We find the imposition of consecutive sentences was not contrary to law. We further find the record, including the presentence investigation report filed under seal with this Court, supports the court's findings under R.C. 2929.14(C)(4).

**{¶22}** The second assignment of error is overruled.   The judgment of the Coshocton County Common Pleas Court is affirmed.

By: Hoffman, P.J.

Baldwin, J.  and

Wise, Earle, J. concur