[Cite as *State v. Nelson*, 2020-Ohio-6993.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Nos. 109072, 109073 and 109260 |
| v. | : | |
| MAURICE NELSON, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED
IN PART; REMANDED
**RELEASED AND JOURNALIZED:** December 31, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-620904-A, CR-17-615994-A and CR-18-630229-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel, Assistant Prosecuting Attorney, *for appellee.*

The Law Office of Jaye M. Schlachet, and Eric M. Levy, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Maurice Nelson appeals after being sentenced in three cases, CR-17-615994-A, CR-17-620904-A and CR-18-630229-A. These cases have been consolidated for review. We affirm in part, reverse in part and remand.

## I. Background Facts

{¶ 2} In 615994, Nelson pleaded guilty to attempted felonious assault. In August 2017, the court sentenced Nelson to two years of community control. Four days later he committed the domestic violence offence to which he would plead guilty in 620904. While still serving his community control term, Nelson committed another domestic violence offense, against the same victim, to which he later pleaded guilty in 630229.

{¶ 3} In August 2019, Nelson pleaded guilty to the domestic violence counts in 620904 and 630229. At a sentencing hearing in September 2019, the court revoked Nelson's postrelease control term in 615994 and sentenced Nelson in all three cases. It ordered concurrent sentences for the domestic violence offenses, terminated community control, and imposed a consecutive sentence for the community control violation. This appeal follows.

## II. Assignments of Error

{¶ 4} Nelson asserts the following eight assignments of error:[1]

I. The trial court erred when imposing a no contact order and a prison term requiring the no contact order be vacated as a no contact order is a community control sanction.

II. The trial court erred when it failed to make the necessary findings prior to imposing consecutive sentences on the oral

---

[1] These cases were consolidated after Nelson submitted his appellate briefs. For continuity we have renumbered some of his assignments of error. The first through third assignments of error are numbered as they are presented in Nelson's appellant brief in cases 109072 and 109073. The assignments of error Nelson presented in his appellate brief in case 109260 have been renumbered. We address together the assignments of error that pertain to the same issue.

record at the time of sentencing and consecutive sentences are not supported by the record.

III. Appellants guilty plea was not made knowingly, intelligently, and voluntarily and otherwise taken in violation of Crim.R. 11 where the trial court did not advise appellant that he was subject to being sentenced consecutive to a possible prison sanction for his probation violation prior to entering his plea.

[IV.] Appellant was denied due process of law when he was found to be a probation violator and was sentenced to prison for the violation when the trial court conducted the probation violation hearing without first providing notice of the violation to the appellant and after the term of community control had expired resulting in a void sentence.

[V.] The trial court erred when it failed to make the necessary findings required prior to imposing consecutive sentences on the oral record at the time of sentencing and consecutive sentences are not supported by the facts in the record.

[VI.] Appellant's guilty plea was not made knowingly, intelligently, and voluntarily and otherwise was taken in violation of Crim.R. 11 where the trial court did not advise appellant that if a prison term were imposed he would be subject to a mandatory term of three years postrelease control.

[VII.] The trial court erred when it found appellant guilty of notice of prior conviction and repeat violent offender specifications where the record indicates that the specifications were nolled.

[VIII.] The trial court erred when it sentenced appellant to three-years discretionary postrelease control but journalized it as mandatory.

## III. Law and Analysis

### A. No-Contact Order and Prison Sentence

{¶ 5} In the first assignment of error, Nelson argues that the trial court erred by imposing both a prison term and a no-contact order as the sentence for each of his domestic violence counts. We agree.

{¶ 6} A trial court possesses no inherent authority to create criminal sentences; any sentence a court imposes must be statutorily authorized. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 10-12. A no-contact order is a community control sanction. *Id.* at ¶ 17 (citing cases). The current statutory scheme governing prison terms and community-control sanctions are alternative sanctions. *Id.* at ¶ 28; *see also State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800, ¶ 6 ("Generally, pursuant to the felony-sentencing statutes, a court must impose either a prison term or a community control sanction as a sentence for a particular felony offense — a court cannot impose both for a single offense."). "Split sentences are prohibited in Ohio." *Paige* at ¶ 6.

{¶ 7} Nevertheless, when sentencing Nelson in 620904 and 630229 for the domestic violence offenses, the trial court did precisely that. In each case, consisting of one felony domestic violence count, the court imposed both a prison sentence and no-contact order. *But see Anderson* at ¶ 1 ("A trial court cannot impose a prison term and a no-contact order for the same felony offense.").

{¶ 8} The state agrees that a community control sanction "ordinarily" cannot be imposed where a defendant is sentenced to prison. However, it argues that here,

because Nelson agreed to the no-contact order as a condition of his plea, he thereby invited the error and therefore cannot challenge it on appeal. We disagree.

{¶ 9} Review of the record does reflect that as a condition of his guilty pleas in 620904 and 630229 Nelson agreed to no contact with the victim. Before Nelson pleaded guilty, the state informed the court of this condition and Nelson confirmed it. The court accepted Nelson's guilty pleas and ordered that Nelson was to have no contact with the victim.

{¶ 10} At sentencing, the court imposed prison sentences in each of Nelson's three cases. After imposing the prison terms the court reiterated that "the no[-]contact order remains in effect." Moreover, the 620904 and 630229 sentencing journal entries both confirm "[n]o contact with victim."

{¶ 11} Nelson's agreement to the no-contact order did not vest the court with the statutory authority to sentence him to both a prison term and community control for the same felony count. To the contrary, a trial court may only impose sentences pursuant to statutory authorization. *Anderson*, 143 Ohio St. 3d at ¶ 10-12; *see also State v. Cody*, 8th Dist. Cuyahoga No. 104315, 2016-Ohio-7785, ¶ 21 (finding no nonfrivolous error where the prosecutor stated defendant agreed to no contact with victim but trial court did not issue no-contact order at sentencing and did not place no-contact order in journal entry).

{¶ 12} Nelson's first assignment of error is well-taken. Pursuant to R.C. 2953.08(G)(2) we modify Nelson's sentence to delete the no-contact order and remand the case for the trial court to correct its journal to reflect this modification.

*See State v. Roberts*, 8th Dist. Cuyahoga No. 103307, 2016-Ohio-5319, ¶ 3 (state concedes that court cannot sentence defendant to prison term and community control sanction and suggests sentence modification deleting the latter).

**B. Consecutive Sentence for Community Control Violation**

{¶ 13} In the second and fifth assignments of error, Nelson challenges the consecutive sentence imposed for his community control violation as contrary to law and not supported by the record. We disagree.

{¶ 14} As stated, while serving his community control term in 615994, Nelson committed the domestic violence offenses in both 620904 and 630229. During the plea colloquy in 620904 and 630229, the court asked Nelson whether he was "currently on probation, community control sanctions, parole, or post-release control in any other matters." Nelson responded "[n]one right now" despite currently being subject to the 615994 community control term.

{¶ 15} At the subsequent sentencing hearing, the court imposed concurrent sentences in 620904 and 630229. As related to 615994, at that hearing the court determined that Nelson signed a waiver of probable cause as to his community control violation. In 620904, the court imposed a 12-month prison sentence. In 630229, the court imposed a 6-month prison sentence. The court ordered that these terms be served concurrent to each other. As to 615994, at the hearing, the court determined that Nelson violated the community control terms, sentencing Nelson to 36 months in prison and ordering that term to be served consecutive to the

620904 and 630229 terms. The record reflects that the only consecutive sentence imposed was the 615994 sentence.

{¶ 16} The court heard evidence that Nelson never reported to the probation department as required and heard evidence of the two domestic violence offenses that Nelson committed while on community control. The court determined that Nelson violated the community control terms. The court also found that in 615994, Nelson previously pleaded guilty to a third-degree felony and that he faced a potential 36-month sentence for that violation.

{¶ 17} The state outlined Nelson's substantial criminal history prior to these three cases, dating back to 1998. This included convictions of felonious assault, aggravated assault, endangering children and multiple instances of domestic violence. Many of these violations were committed while Nelson was on postrelease control or court supervision.

{¶ 18} The state also informed the court as to details of the pending domestic violence counts, including that one offense began as an argument over leftover food in the refrigerator that escalated to Nelson punching the victim in her face and grabbing her around the neck. Nelson also grabbed her head from behind and proceeded to bang her head into a concrete banister. Nelson did this in front of the victim's children. The second domestic violence offense involved another verbal altercation that turned physical with Nelson "squeezing" the victim's face, causing minor scratches and elevated skin.

{¶ 19} "Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17, citing *State v. Martin*, 8th Dist. Cuyahoga No. 82140, 2003-Ohio-3381, ¶ 35.

{¶ 20} R.C. 2929.14(C)(4) requires a trial court to make specific findings before imposing consecutive sentences and to incorporate those findings into its sentencing journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. The statute is satisfied if the court finds that consecutive terms are (1) "necessary to protect the public from future crime or to punish the offender," (2) "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" and (3) "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(C)(4).

{¶ 21} If a trial court imposes consecutive sentences, it must "make the findings at the defendant's sentencing hearing and incorporate its findings in the sentencing entry," however the court is "not required to state its reasons for imposing consecutive sentences." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 41, citing *Bonnell*, at ¶ 3. The court is not required to recite the statute verbatim "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id*. at ¶ 29.

**{¶ 22}** Where the trial court made the requisite consecutive sentencing findings, R.C. 2953.08(G)(2) requires this court to affirm an order of consecutive service unless we "clearly and convincingly" find that the record does not support the court's findings in support of consecutive sentences. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.) ("This is an extremely deferential standard of review.").

**{¶ 23}** At the sentencing hearing, before the court imposed Nelson's sentence for the community control violation, it stated "[j]ust for the record, I did consider the entire record, the reports that I have already outlined for the record," including the presentence investigation report, the plea negotiations, the victim impact statement and "any other information in the file."

**{¶ 24}** In formulating Nelson's sentence, the court considered its obligation to "protect the public from future crime by the defendant or others and to punish the offender * * *." It "ensured that the sentence being imposed does not demean the seriousness of the crime and the impact it had on victims." Additionally, the court observed that Nelson committed the domestic violence offenses that were the subject of both 620904 and 630229 while on community control in 615994, and discussed some of the details from 615994:

> [T]hese new cases that you picked up while you were on probation for a very serious felony where someone was injured and had to get stitches because of you going after them with a box cutter, you were given an opportunity for community control and less than a week later you really injured your girlfriend [the named victim in 620904 and 630229] pretty badly.

{¶ 25} The court further articulated that it was "concerned about whether the public, especially [the victim] and her children, would be safe," and concluded that consecutive service was both "required in order to protect the public from future crime" and "necessary."

{¶ 26} Moreover, the court confirmed in its journal entry that consecutive service was imposed and was "necessary to protect the public from future crime or to punish the defendant," that consecutive service was "not disproportionate to the seriousness of the defendant's conduct and to the danger defendant poses to the public" and that "defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant."

{¶ 27} We find that the trial court complied with R.C. 2929.14 by making the requisite findings and incorporating them into the sentencing entry. Moreover, we do not clearly and convincingly find that the record does not support consecutive sentences.

{¶ 28} We overrule the second and fifth assignments of error.

## C. Crim.R. 11(C)(2)(a) Maximum Penalty Advisements

{¶ 29} In the third and sixth assignments of error, Nelson argues that the trial court failed to advise him of the maximum penalties in all three cases and thereby violated Crim.R. 11. In the third assignment of error, Nelson argues his pleas in 620904 and 630229 are invalid because failed to inform him that by pleading guilty he would potentially be subjected to a consecutive prison term in

615994. In the sixth assignment of error, Nelson argues his plea in 615994 is invalid because the court failed to advise him that he would be subject to mandatory postrelease control if the court imposed a prison term.

{¶ 30} Crim.R. 11(C) requires that a trial court ensure that a defendant pleading guilty to a felony case to do so knowingly, intelligently and voluntarily and prescribes the process a court must follow to ensure this occurs. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10, 11. We review de novo whether a plea is knowing, intelligent and voluntary. *State v. Allen*, 8th Dist. Cuyahoga No. 105757, 2018-Ohio-586, ¶ 8.

{¶ 31} Relevant to Nelson's assignments of error, Crim.R. 11(C)(2)(a) requires the trial court to:

> Determin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 32} A trial court must substantially comply with the Crim.R. 11 right to be notified of the maximum penalty and other nonconstitutional rights. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8-10, 14; *State v. Austin*, 8th Dist. Cuyahoga No. 105981, 2019-Ohio-1983, ¶ 15-16. "Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *State*

*v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 3, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 33} This court has observed that postrelease control is part of the "maximum penalty involved" in instances where the trial court imposes a prison term. *Austin* at ¶ 16, citing *State v. Griffin*, 8th Dist. Cuyahoga No. 83724, 2004-Ohio-4344, ¶ 13. Accordingly then, substantial compliance with Crim.R. 11(A)(2) requires that at the time of the plea, a trial court advise the defendant of any mandatory postrelease control term. *Id.*, citing *State v. Bell*, 8th Dist. Cuyahoga No. 96446, 2011-Ohio-5667, ¶ 10.

{¶ 34} This court will not invalidate a guilty plea based on a trial court's failure to advise the defendant with regard to a nonconstitutional right where the defendant fails to show prejudice, i.e., by demonstrating that the defendant would not have otherwise made the plea. *Id.*

{¶ 35} We address Nelson's challenges chronologically, first reviewing whether his 615994 guilty plea was knowing, intelligent and voluntary.

**1. 615994 Guilty Plea and Postrelease Control Advisement**

{¶ 36} As stated, Nelson argues that the court failed to advise him of the maximum penalty, claiming that the court failed to advise him that if he was sentenced to prison he would be subject to a mandatory three-year term of postrelease control.

{¶ 37} The record belies Nelson's claim. At the 615994 plea hearing, before Nelson pleaded guilty, the trial court advised him as follows with regard to postrelease control:

> Now, you're pleading guilty to an amended charge of attempted felonious assault. That's a felony of the third degree, it's punishable by community control sanctions supervised by the probation department. It does carry with it a potential prison sentence of anywhere from 9, 12, 18, 24, or 36 months in prison followed by 3 years postrelease control, if a prison sentence is ever imposed in this case.

{¶ 38} The court further explained the nature of postrelease control before asking Nelson whether he understood. Nelson responded "[y]es, sir." Moreover, the court inquired of the state as well as Nelson's counsel as to whether it complied with Crim.R. 11 and both confirmed that it did.

{¶ 39} Nelson's complaint appears to be that because the court did not specifically use the word "mandatory" when describing the term of postrelease control, that he was therefore not aware that it was not optional. We disagree. Here, regardless of whether the court used the specific word "mandatory" to describe the term of postrelease control that would accompany a prison sentence, it is clear from the court's advisement that such a term is precisely the type to which Nelson would be subject.

{¶ 40} Accordingly, following our review we do not find that the trial court failed to substantially comply with Crim.R. 11 as to maximum penalty advisement. We overrule the sixth assignment of error.

## 2. 620904 and 630229 Guilty Pleas and Community Control Violation Advisement

{¶ 41} As it pertains to his guilty pleas in 620904 and 630229, the third assignment of error challenges Nelson's guilty pleas as invalid, claiming that the trial court failed to advise him of the maximum penalties to the extent the court did not inform him that by pleading guilty he may be exposed to a consecutive prison sentence for the community control violation.

{¶ 42} Regardless of whether the court or Nelson's counsel was, or should have been, aware of Nelson's current community control sentence in 615994, there was no discussion of its implications at the hearing. We note that during the plea colloquy the trial court directly asked Nelson whether he was "currently on probation, community control sanctions, parole, or post-release control in any other matters." Nelson responded "[n]one right now." However, as discussed, Nelson was, in fact, serving the community control term in 615994.

{¶ 43} The court informed Nelson that in 620904 and 630229, it could impose "a term of incarceration in prison of six to 18 months inclusive and/or a fine of up to $5,000." Nelson does not dispute that the trial court properly informed him of the individual maximum sentence for each domestic violence count.

{¶ 44} Instead, Nelson bases his argument on the dearth of discussion as to 615994's potential impact on his sentences in 620904 and 630229. In essence, Nelson argument is that in 620904 and 630229, as part of the court's Crim.R. 11(C)(2)(a) maximum penalty advisements, the court was required to inform Nelson

of the potential consecutive prison sentence that could be imposed pursuant to his community control violation in 615994 and, because the court did not do this, Nelson argues that he was "never advised that as a result of his domestic violence guilty pleas he could be found in violation of his probation and convicted and sentenced."

{¶ 45} Nelson supports his argument with an unduly expansive reading of *State v. Bishop*, 156 Ohio St. 3d 156, 124 N.E.3d 766, 2018-Ohio-5132. In *Bishop*, the Supreme Court addressed the narrow question of whether a criminal defendant pleading guilty to a new felony that he or she committed while on postrelease control must be notified by the court of the potential consequences of the postrelease control violation before pleading guilty. *Id.* at ¶ 1, 14-17; *see also State v. Roberts*, 9th Dist. Medina No. 19CA0004-M, 2019-Ohio-4393, ¶ 6. As discussed below, *Bishop* is a case involving a specific postrelease control issue and is readily distinguishable from this case which involves community control.

{¶ 46} *State v. Johnson*, 40 Ohio St.3d 130, 532 N.E.2d 1295 (1988), is relevant to this assignment of error. In *Johnson*, the Supreme Court held that the "[f]ailure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather than concurrently, is not a violation of Crim.R. 11(C)(2), and does not render the plea involuntary." *Id.* at the syllabus. In *Johnson*, the court concluded that "because the trial court in * * * explained to the defendant the individual maximum sentences possible, his guilty plea was proper." *Bishop* at ¶ 14, citing *Johnson* at 133.

{¶ 47} Pursuant to *Johnson*, the trial court was not obligated to inform Nelson that pleading guilty in 620904 and 630229 could trigger a potential consecutive prison term for the community control violation in 615994.

{¶ 48} This makes sense for at least two reasons. First, in 615994, well before Nelson pleaded guilty in the other two cases, the court explained the terms of Nelson's community control, informing Nelson that violating the terms could result in a consecutive prison sentence to any new sentences:

Any violations could result in a 36-month prison sentence. Okay?

* * *

Your past record would certainly justify the maximum about anything. New cases could result in consecutive time from that. That's something I want to avoid.

{¶ 49} As such, regardless of whether the court accepting Nelson's guilty pleas in 620904 and 630229 discussed whether the subject offenses would constitute community control violations, Nelson had already been informed of the possibility that any new offense would.

{¶ 50} Second, the consecutive prison sentence imposed for Nelson's community control violation was not a part of either domestic violence count and it did not impact the maximum potential sentence for either of those counts. Instead, it was Nelson pleading guilty to the domestic violence counts that provided the basis for his community control violation. *See State v. Ellis*, 5th Dist. Coshocton Nos. 2019CA0014 and 2019CA0015, 2020-Ohio-1130, ¶ 12.

{¶ 51} "[W]here post-release control is not a consideration, the concerns expressed in Bishop do not apply, and Johnson does not require a defendant be advised of the possibility of consecutive sentences." *State v. Ellis*, 5th Dist. Coshocton Nos. 2019CA0014 and 2019CA0015, 2020-Ohio-1130, ¶ 10, citing *State v. Roberts*, 9th Dist. Medina No. 19CA0004-M, 2019-Ohio-4393, ¶ 7. We find no basis to conclude that the trial court failed to substantially comply with Crim.R. 11(C)(2)(a).

{¶ 52} We overrule the third and sixth assignments of error.

### 3. 615994 Community Control Violation and Prison Sentence

{¶ 53} In the fourth assignment of error, Nelson argues that the trial court erred regarding his 615994 community control violation by imposing a prison sentence for the violation after the term expired and by failing to provide him notice of the violation hearing.

{¶ 54} In relevant part, R.C. 2929.15 provides:

[I]f the offender is confined in any institution for the commission of any offense while under a community control sanction, the period of the community control sanction ceases to run until the offender is brought before the court for its further action.

{¶ 55} Review of the record reflects that in 615994, the court imposed a two-year term of community control on August 15, 2017. A capias was issued for Nelson's arrest on September 5, 2017, and he was taken into custody on said capias on June 30, 2018. *Compare State v. Rue*, Slip Opinion No. 2020-Ohio-6706, ¶ 55-56

(initiation of revocation proceeding not timely where arrest warrant issued after expiration of community control term).

{¶ 56} At a hearing on September 3, 2019, the court terminated community control and imposed a prison sentence. Although at first blush it appears Nelson was sentenced after his term of community control expired, this is incorrect. There were substantial periods of time during the term where Nelson was "confined in [an] institution for the commission of [an] offense." R.C. 2929.15(A)(1).

{¶ 57} For example, as reflect in the court's docket, Nelson was in jail from June 30, 2018 through March 28, 2019 and again from April 10, 2019 through September 10, 2019. Moreover, the docket reflects that Nelson was credited for time served at Cuyahoga County Jail from June 30, 2018 through September 10, 2019.

{¶ 58} Therefore, according to R.C. 2929.15(A)(1), Nelson's community control was not expired at the time the court imposed a prison sentence for his violation.

{¶ 59} As to Nelson's claim that he was not provided adequate notice as to the violation hearing, particularly where he executed a probable cause waiver and admitted that he violated the community control terms, Nelson cites no authority that compels us to conclude that notice was insufficient here.

{¶ 60} We overrule the fourth assignment of error.

**D. Erroneous Specifications**

{¶ 61} In the seventh assignment of error, Nelson argues that the trial court erred by finding him guilty of notice of prior conviction and repeat violent offender specifications where those specifications were nolled.

{¶ 62} The state effectively concedes this error, agreeing that Nelson did not plead guilty to these specifications.

{¶ 63} Review of the record reflects that in 615994 Nelson was originally indicted with two counts of felonious assault, each with notice of prior conviction and repeat violent offender specifications. However, the transcript from the plea hearing reflects that the state and Nelson agreed that Nelson would plead guilty to an amended count of attempted felonious assault with no attached specifications. The transcript further reflects that the court accepted this guilty plea. Nevertheless, the court's journal entries from the change-of-plea hearing, the sentencing hearing where the court imposed community control and the resentencing hearing where the court terminated community control all fail to reflect that both specifications were deleted and that Nelson was not found guilty of them.

{¶ 64} A trial court may correct clerical errors in its journal entries to conform to the transcript of the proceedings and reflect what actually occurred. Crim.R. 36; *Beachwood v. Pearl*, 2018-Ohio-1635, 111 N.E.3d 620, ¶ 28 (8th Dist.).

{¶ 65} We sustain the seventh assignment of error and remand the case to the trial court to issue nunc pro tunc entries that reflect that in 615994 Nelson

pleaded guilty to an amended count of felonious assault with no attached specifications.

**E. Mandatory Postrelease Control**

{¶ 66} In the eighth assignment of error, Nelson argues that the court erred by imposing a mandatory three-year postrelease control term on the prison sentence that followed his community control violation.

{¶ 67} Review of the record reflects that the court announced at the sentencing hearing that his prison sentence in 615994 included a discretionary three-year postrelease control term. However, the journal entry from sentencing reflects that the postrelease control term was mandatory.

{¶ 68} R.C. 2967.28(B)(3) imposes a mandatory three-year term of postrelease control for felonies of the third degree that are offenses of violence. Attempted felonious assault is an offense of violence. *See* R.C. 2901.01(A)(9)(a), (d); *see* R.C. 2903.11. As such, the court was required to impose a mandatory three-year postrelease control term. Its failure to do so at the sentencing hearing was, therefore, error. However, we find this is a harmless error to the extent that Nelson has demonstrated no prejudice and the court's journal already reflects the correct postrelease control term that it was required to impose.

{¶ 69} We overrule this assignment of error.

{¶ 70} Judgment affirmed in part, reversed in part and remanded.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR